UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-37-GNS

KIMBERLY ANDERSON, et al.                                          PLAINTIFFS

v.

GCA SERVICES GROUP OF NORTH CAROLINA, INC.                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss (DN 8) filed by Defendant asserting Plaintiffs' Complaint fails to include sufficient factual support and therefore fails to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiffs have responded, and Defendant has replied. (DN 12, 16). Because the Court finds pleadings standards have been met for some but not all claims, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.[1]

### I.  STATEMENT OF FACTS AND CLAIMS[2]

Plaintiffs are twenty-two current and former employees of GCA Services Group of North Carolina, Inc. ("GCA"). The Kentucky Secretary of State's office lists GCA as part of a larger entity with its principal office in Ohio. According to GCA's website,[3] the larger Group's 37,000 employees provide facilities services (including janitorial and grounds-keeping services) across

---

[1] In their response, Plaintiffs state that a motion for leave to amend the Complaint would be forthcoming, possibly including factual information from additional evidence. No such motion has yet been filed.
[2] This factual summary is taken from the Complaint, except where otherwise noted.
[3] http://www.gcaservices.com

1

the country. The Complaint does not specify what services, if any, Plaintiffs were employed to provide. All listed employees reside in Warren County or surrounding Kentucky counties.

Plaintiffs make several allegations on behalf of all of GCA's Kentucky employees who were denied wages to which they were entitled. They assert CGA's Kentucky employees worked in excess of forty hours in unspecified weeks while being underpaid straight and/or overtime wages. Plaintiffs contend this violates federal minimum and overtime wage laws, and their state law corollaries.[4]

Plaintiffs also assert several individual's claims. Most of these individuals maintain they brought overtime wage issues to GCA supervisors and suffered retaliation. Kimberly Anderson ("Anderson") claims her wages were reduced by $3 per hour after she complained about unpaid overtime wages and then she was terminated. Chantel Chapman ("C. Chapman") claims she was fired after refusing to work unpaid overtime. Mark Chapman ("M. Chapman") claims he turned in overtime wages and was then terminated. Plaintiff Crystal Watkins ("Watkins") alleges that she was a victim of retaliation for filing a workers' compensation claim. After returning from her injury, supervisor allegedly said she would not be allowed to return because she filed the claim. All four individual claimants seek punitive damages under KRS 411.184.

## II.  JURISDICTION

GCA removed this action from Warren Circuit Court claiming federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, DN 1-1). Additionally, GCA claims supplemental jurisdiction is proper over the related state law claims. *See* 28 U.S.C. § 1441.

---

[4] Generally, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, prohibits employers involved in interstate commerce from paying employees below minimum wage, and requires them to pay employees at least 1.5 times their normal wage rate for hours worked above forty in a given week. *See* 29 U.S.C. §§ 206(a), 207(a). It is violations of these laws that plaintiffs seek to remedy on behalf of all other GCA employees in Kentucky.

### III. STANDARD OF REVIEW

Plaintiffs enjoy a lenient standard opposing motions to dismiss under Rule 12(b)(6). All allegations in the complaint are assumed true and inferences drawn in favor of the plaintiff. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). Generally, motions to dismiss merely test the legal sufficiency of a claim, disregarding the factual accuracy of the complaint. Because the legal "sufficiency of a complaint turns on its 'factual content,'" and that content is assumed true, this presents a low hurdle for plaintiffs. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Despite this tolerant standard, the latitude granted a plaintiff is not limitless. "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Accordingly, legal conclusions are entitled to no presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). A plaintiff's claims must also be plausible, as "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint that merely "tenders 'naked assertions' devoid of 'further factual enhancement[]'" is insufficient. *Id.* at 678 (citation omitted).

## IV. DISCUSSION

While all Plaintiffs bring class allegations, four Plaintiffs also assert individual claims. In support of their class action claims, Plaintiffs submitted additional evidence in their response to the motion for summary judgment.[5] The permissible evidence for the Court's review is analyzed before the class action, and finally individual, claims.

### A. Class Action

#### 1. *Kentucky Law*

Wage and hour claims are not viable class actions under Kentucky law. Plaintiffs have attempted to bring a class action complaint under KRS 337.385, which establishes employer liability for unpaid wages. That section provides that actions "may be maintained in any court of competent jurisdiction by any one (1) or more employees for and in behalf of himself, herself, or themselves." KRS 337.385(2). This contrasts with federal law that provides for actions "on behalf of himself or themselves or other employees similarly situated." 29 U.S.C. § 216(b). This contrasting language indicates that the Kentucky General Assembly did not intent to permit class actions under KRS 337.385. The only other federal district court to have answered this question followed a similar rationale, though comparing KRS 337.385 to other sections of the Kentucky statute, instead of the federal counterpart in determining class actions were not permitted. *See Davenport v. Charter Commc'ns, LLC*, 35 F. Supp. 3d 1040, 1048 (E.D. Mo. 2014) (constrasting Kentucky's wage discrimination statute, KRS 337.427, which allows actions on behalf of "other

---

[5] In their response, Plaintiffs include evidence purporting to show a discrepancy between handwritten time sheets and their computerized counterparts for one Plaintiff. That evidence purports to substantiate that representative Plaintiff's overtime violation claim. At this stage of the proceedings, however, the Court's consideration of this material is improper. These documents are not part of the pleadings. With no discovery having been completed, converting this motion to one for summary judgment is not a practical alternative. *See, e.g.*, *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010). Accordingly, the Court will disregard the materials attached to Plaintiffs' response.

employees similarly situated"). The Kentucky Court of Appeals has reached the same conclusion.[6] *See Toyota Motor Mfg., Ky., Inc. v. Kelley*, No. 2012-CA-001508-ME, 2013 WL 6046079, at *9 (Ky. App. Nov. 15, 2013). These analyses are persuasive, and this Court likewise concludes KRS 337.385 does not allow for class actions. Accordingly, the class cause of action for violations of KRS 337.050 (time and a half for seventh workday), KRS 337.285 (overtime wages), and KRS 337.275 (minimum wage) are dismissed with prejudice.

### 2.   FLSA

Plaintiffs' collective action under the FLSA fairs slightly better, and will be dismissed without prejudice. While legally possible to bring a collective action under the FLSA, Plaintiffs' Complaint lacks sufficient factual allegations to substantiate their claims. Accordingly, these claims fail.

GCA contests the sufficiency of the representative overtime and minimum wage allegations. It contends that Plaintiffs must specify at least one work week in their complaint in which overtime wages went unpaid. (Def.'s Mem. in Supp. of Mot. to Dismiss 6, DN 8-1 (citing *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)). Plaintiffs contend no such specificity is required in the Sixth Circuit.

#### a.   *Lundy*'s FLSA Pleadings Standard

In ruling on this motion, the Court must determine whether to apply the pleading requirement articulated by the Second Circuit in *Lundy v. Catholic Health Systems of Long Island Inc.*. Under that pleading requirement, Plaintiffs are required to identify at least one week in which an overtime violation occurred to support an FLSA overtime claim. *Id.*; *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2nd Cir. 2013). The Third, Fourth,

---

[6] The Kentucky Court of Appeals' decision in *McCann v. Sullivan Univ. Sys., Inc.*, No. 2014-CA-000392-ME, 2015 WL 832280 (Ky. App. Feb. 27, 2015), is also consistent, but a motion for discretionary review is pending before the Kentucky Supreme Court in that case.

and Ninth Circuits have broadly agreed with the Second Circuit's position. *See Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768-69 (4th Cir. 2011). The Sixth Circuit has not ruled on this issue.

Plaintiffs cite several district court opinions in this circuit purportedly holding contrary to the Second, Third, Fourth, and Ninth Circuits. Not all of these opinions, however, support Plaintiffs' position. In *Doucette v. DIRECTV, Inc.*, No. 2:14-CV-02800-STA-tmp, 2015 WL 2373271 (W.D. Tenn. May 18, 2015), the court held that pleading a "'given' workweek *or* facts suggesting continuous, weekly violations" survived a motion to dismiss. *Id.* at *7. Several of Plaintiffs' citations are misclassification cases with questionable applicability. *See Noble v. Serco, Inc.*, No. 3:08-76-DCR, 2009 WL 1811550 (E.D. Ky. June 25, 2009); *Pope v. Walgreen Co.*, No. 3:14-CV-439, 2015 WL 471006 (E.D. Tenn. Feb. 4, 2015). Misclassification cases involve employees who claim they were improperly classified as being exempt from overtime laws. The cited misclassification cases did not require Plaintiffs to plead a specific workweek where overtime went unpaid. As these cases focus not on specific overtime violations, but an ongoing misclassification, they are arguably distinguishable. Nonetheless, they evidence a general trend among district courts within this circuit to apply more liberal pleading standards. Plaintiff cites numerous other cases, which Defendants meticulously distinguish.

Thus far, "the Sixth Circuit has never directed its district courts to apply the pleading requirements that have recently been read into FLSA claims by several other circuits," *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015), but it has not rejected those pleading requirements either. This case, however, presents no occasion to add to this debate. In *Twombly*, the Supreme Court cautioned that "a formulaic

6

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiffs must plead enough factual background to allow the Court to infer the violation alleged. *Iqbal*, 556 U.S. at 678 (citation omitted). Thus, in pleading an FLSA claim, as any claim, pleading only the elements of the cause of action is insufficient.

The Second, Third, Fourth, and Ninth Circuits applied the *Twombly*/*Iqbal* standard to an overtime claim, and found the allegation of a specific workweek would make them plausible. A plausibility analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citation omitted). In the context of the Second Circuit's *Nakahata* decision, it found an FLSA overtime claim possible but not plausible without the pleading of a specific workweek where overtime had not been paid. *Nakahata*, 723 F.3d at 201. The Third Circuit listed the pleading of a specific week as one, but not the only possible, way the *Abington Memorial Hospital* plaintiffs might have met the plausibility standard. *Abington Mem'l Hosp.*, 765 F.3d at 243. The Ninth Circuit emphasized that total hours of uncompensated overtime need not be approximated, but that "at a minimum, a plaintiff . . . must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers, Inc.*, 771 F.3d at 645 (citation omitted). The emphasis in all these cases is plausibility per *Twombly* and *Iqbal*, not the creation of a novel pleading requirement.

      **b.**    *Twombly* **and** *Iqbal*

Plaintiffs' Complaint fails under the standard announced in *Twombly* and *Iqbal* because they have failed to provide any more than a formulaic recitation of their claims. The Complaint fails to make even conclusory legal statements about some of the elements of an FLSA claim. To state an overtime violation of the FLSA, a complaint must establish (1) an employer-employee

7

relationship, (2) that the employees are covered, (3) the employees worked more than forty hours, and (4) that overtime was not paid. *See* 29 U.S.C. § 207(a).

Regarding the first two and last elements, Plaintiffs assert that they have sufficiently pled those factual allegations even though with little additional factual support. Plaintiffs allege that they "work for, or have worked for, the Defendant," and "engaged in work . . . for which they were not paid . . . ." (Compl. ¶¶ 25-26). In later allegations, Plaintiffs attempt to complete the elements of their FLSA claims by claiming violations of the minimum wage provisions "by requiring Plaintiffs to work in excess of forty (40) hours per week while not compensating them, at times, for straight time and/or overtime pay," and violating the overtime provisions "by requiring Plaintiffs to work in excess of forty (40) hours a week and [] refusing to pay Plaintiffs' overtime wages at the statutory rate." (Compl. ¶¶ 40-41). These allegations, however, do not meet the *Twombly*/*Iqbal* pleading standard. In overtime claims, the Second, Third, Fourth, and Ninth Circuits concluded a specific workweek with unpaid overtime would make the claim plausible. So too might it here. Yet as illustrated by the district court cases Plaintiffs cite, that plausibility requirement might be met in numerous other ways. Plaintiffs have failed to do so, however, and instead merely recite the base statutory elements.

Plaintiffs' minimum wage claims suffer a more specific fact deficit. Plaintiffs allege Defendant violated the minimum wage provision when employees worked unpaid overtime. (Compl. ¶ 40). The FLSA mandates payment only of minimum wages and overtime wages. *See* 29 U.S.C. §§ 206 & 207(a). The FLSA does not protect workers against working without pay unless one of these provisions is violated. For example, if an employee is compensated at minimum wage for forty hours of work in a given week, but actually worked more than forty, the minimum wage provision is violated because the effective rate of pay would dip below minimum

wage. An employee who was paid 10% more than minimum wage would have to work more than four unpaid hours before the minimum wage provision is violated. A violation is possible, as alleged in the Complaint, but without knowing the employees' starting wages, such a claim is nothing more than conclusory.

Fatally to both FLSA claims, and in contrast to Plaintiffs' supporting citations, Plaintiffs have not even provided enough facts to conclude these are covered employees.[7] Plaintiffs or their employer must be engaged in interstate commerce to receive the FLSA's protections, and nothing in the Complaint satisfies that requirement.

Simply put, the allegations in the Complaint are merely a recitation of the elements of the cause of action. Under any pleading standard, this Complaint fails to state a claim. Plaintiffs FLSA collective action claims alleging overtime and minimum wage violations will be DISMISSED WITHOUT PREJUDICE.

B.     **Motions Seeking Dismissal of Individual Plaintiffs' Claims**

Several individual Plaintiffs have also asserted retaliation claims against CGA presumably under both Kentucky and federal law. "To establish a prima facie case of retaliation, an employee must prove that (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected

---

[7] As the Sixth Circuit has held:

> To state a claim under both § 206 and § 207 of the FLSA, a plaintiff must properly allege, among other things, one of the following:
> (a) that plaintiff was engaged in commerce;
> (b) that plaintiff was engaged in the production of goods for commerce; or
> (c) that plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce.

*Hiar v. Hingston*, 96 F.3d 1448, 1996 WL 506501, at *4 n.1 (6th Cir. 1996) (table opinion).

activity and the adverse employment action."[8] *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006) (citation omitted). Oral complaints of FLSA violations are protected activity under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1336 (2011).

The Complaint lists individual causes of action against CGA by Anderson, C. Chapman, M. Chapman, and Watkins. (Notice of Removal, Ex. 1, DN 1-1). All purportedly complained or otherwise voiced concerns about underpayment for overtime work. (Compl. ¶¶ 46, 49, 52). Watkins alleges she was retaliated against for filing a workers' compensation claim. (Compl. ¶¶ 57-58). GCA contends none of these claims contain adequate factual support, much like their arguments against the collective action claims. Unlike those, claims, however, the individual plaintiffs' claims contain significantly more factual support. Anderson, C. Chapman, and M. Chapman all claim they orally complained of overtime wage violations to their supervisors, alleging the first two elements of a retaliation claim. The Complaint maintains all were terminated, alleging an adverse employment action. Anderson additionally alleges her pay was cut by $3 per hour before her termination, while both C. Chapman and M. Chapman allege the timeframe between their complaint and termination. These factual allegations in addition to the complaint's assertion that the individual plaintiffs voiced concerns of their right to overtime wages caused their termination sufficiently state a claim under the *Twombly/Iqbal* standard.

Defendant protests Watkins allegation of causation along similar lines. Watkins alleges, however, that "GCA . . . fired her for exercising her rights . . . ." (Compl. ¶ 58). While Watkins does not specify how or where the injury leading to a workers compensation claim occurred, she

---

[8] Retaliation claims under Kentucky law are consistent with those under the FLSA. *See, e.g.*, *Patrick v. Corr. Corp. of Am.*, No. 2009-CA-001919-MR, 2010 WL 3928484, at *4 (Ky. App. Oct. 8, 2010).

10

does specify it occurred "in the course and scope of her employment." (Compl. ¶ 55). Further, she alleges a co-worker overheard her supervisor saying she would not be allowed to return because she had filed a workers' compensation claim. (Compl. ¶ 57). This allegation, like most in Plaintiffs' Complaint, would offer greater clarity and notice to defendant were more facts alleged. Nonetheless, this allegation is sufficient to meet the pleading standard.

Plaintiffs' assertion of punitive damages is pled as a separate claim but is not. *See, e.g.*, *Hogan v. Goodrich Corp.*, No. Civ.A. 05-159-C, 2006 WL 149011, at *6 (W.D. Ky. 2006). Accordingly, the Court need not address those "claims." Defendants' motion to dismiss regarding all individual claims is DENIED.

## V.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (DN 8) is **GRANTED in PART and DENIED in PART**. The Kentucky class action claims are **DISMISSED WITH PREJUDICE**. The FLSA collective actions claims are **DISMISSED WITHOUT PREJUDICE**. The Motion with respect to individual claims by Kimberly Anderson, Chantel Chapman, Mark Chapman, and Crystal Watkins is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 9, 2015

cc:     counsel of record

11